## No. 12,155.

RATCLIFF, ET AL., *v.* MILLER, ET AL.

Decided June 17, 1929.  Rehearing denied September 16, 1929.

Mr. WILLIAM DILLON, Mr. J. M. TAYLOR, for plaintiffs in error.

Mr. CHARLES ROSENBAUM, Mr. BENJAMIN B. MILLER, for defendants in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

PEARL Ratcliff and Richard Dillon sued Joe Miller and Henry Singer because the defendants did not keep in force, for the benefit of the plaintiffs, certain cattle grazing permits. The case having been decided against the plaintiffs, they seek a reversal of the judgment.

On January 12, 1927, the plaintiffs sold to the defendant Miller certain cattle and farm equipment, assigned to him the right to use certain cattle brands, sold and assigned to him certain cattle grazing privileges on a forest reservation, and leased to him for a term of years the T ranch and the S E P ranch in Douglas county. The defendant Miller afterwards transferred an undivided interest to the defendant Singer. The defendants sold the cattle and declared that they would permit the cattle grazing privileges to lapse, whereupon the plaintiffs brought this suit, asking that the defendants be required to do those things necessary to keep the grazing privileges in force, or that the lease be canceled, or that the court award the plaintiffs damages.

After describing the ranches, the lease provides: "To have and to hold the same, with all appurtenances, unto the said lessee from twelve o'clock noon of this date to twelve o'clock noon of the fifteenth day of May, nineteen thirty-two. * * * It is agreed that at the end of the term hereof, lessee shall return said premises to the

lessors in the same condition in which the same was received, wear and tear excepted.''

Farther on in the instrument we find the following: ''Lessors do also sell, assign, transfer and set over unto lessee all grazing privileges owned by them on the Forest Reserve adjoining said property, or near thereto, and waive any and all such privileges.  *  *  *

''Lessors hereby assign, transfer, and set over unto lessee the exclusive use and right of the Brands T, S E P and U during the term of this lease and until such time thereafter as lessee shall dispose of his cattle bearing such brand, but in any event not exceeding one year.''

■ 1.  The plaintiffs contend that grazing privileges are appurtenant to the land, and, therefore, that the provision requiring a return of the premises, at the end of the term, in the same condition in which they were received by the lessee, wear and tear excepted, imposes upon the defendants the duty of keeping the grazing privileges in force, so that they may be returned to the lessors at the end of the term.  This contention cannot be sustained.

Under the acts establishing forest reservations, their use for grazing purposes is subject to rules and regulations established by the Secretary of Agriculture. *United States v. Grimaud,* 220 U. S. 506, 31 Sup. Ct. 480.  Such regulations are contained in the Use Book.  At page 1 we find this: ''The grazing of such lands may be allowed *  *  *  only as a personal privilege.  This privilege is a temporary one  *  *  *.  It is transferable only within the limits and restrictions set forth in these regulations.'' At page 38: ''A grazing preference is not a property right.  Permits are granted only for the exclusive use and benefit of the persons to whom they are issued * * *.'' Assignments are permitted in certain circumstances, with the approval of the proper officer.  At page 26 is this provision: ''A permittee having a grazing preference based on ranch property located in or adjacent to the national forest may dispose of such ranch property, but

unless he secures equally dependent and commensurate ranch property within a reasonable time, his preference may be revoked.'' The following appears on page 29: ''A permittee who loses both stock and ranch through foreclosure of a mortgage but does not waive his preference may secure a nonuse privilege and retain his preference if within one year from the date of foreclosure he replaces the stock and secures another ranch equally dependent.'' These and other regulations clearly indicate that grazing privileges are not appurtenant to the land, but are merely personal privileges; hence they do not come within the provision of the lease requiring the return of the premises to the lessors in the same condition they were in when received by the lessee, wear and tear excepted.

2. But, say counsel, the assignment of the grazing rights should be construed as being only for the term of the lease; and that, this being so, there is imposed upon the defendants the duty to keep the permit in force for the benefit of the lessors. This contention also is without merit. The assignment of the grazing privileges and the assignment of the right to use certain cattle brands are not, properly speaking, parts of the lease; they might well have been by separate instruments. The ranches were leased for a certain term. The right to use the brands was assigned, not absolutely, but only during the term of the lease and until the assignee shall dispose of the cattle, but in any event not exceeding one year after the term of the lease. But in transfering the grazing privileges, entirely different language is used. The grazing privileges were not leased, or assigned for a limited time, but were *sold* to Miller, and the plaintiffs waived ''all such privileges,'' as they were required by the forest regulations to do in such a case. The language is plain. It is unnecessary to resort to technical rules of construction to ascertain the meaning of the words used. Being the purchasers of the grazing privileges, the defendants, if they do not choose to avail themselves

206

thereof, may permit them to lapse without incurring any liability to the plaintiffs.

The judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.